CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 08 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:11cr00076-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| RICHARD JAMAR PERRY | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Petitioner, Richard Jamar Perry, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion challenging his conviction and sentence for conspiring to make, utter, and possess counterfeit security obligations. Perry claims that trial counsel provided ineffective assistance in failing to file an appeal upon Perry's request and in failing to "argue for acceptance of responsibility." This matter is before the court on the government's motion to dismiss and trial counsel's affidavit indicating that Perry did not ask him to file an appeal. On the existing record, the court is unable to resolve Perry's claim that counsel was ineffective in failing to file an appeal upon request and, therefore, refers the matter for an evidentiary hearing on the issue.

I.

Perry claims that counsel provided ineffective assistance in failing to file an appeal upon request. "An attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (citing Roe v. Flores-Ortega, 528 U.S. 470 (2000)). The aggrieved inmate need only show "that . . . counsel was ineffective and . . . but for counsel's ineffectiveness, an appeal would have been filed." Id. The inmate need not show a reasonable probability of success on appeal. See id. Thus, if Perry's allegation that he instructed his attorney to appeal is accurate, then he has stated a claim for relief. In light of Perry's allegation and his trial counsel's conflicting affidavit, the

court refers this matter for an evidentiary hearing on the issue of whether Perry asked his trial counsel to file a direct appeal.

## II.

With regard to Perry's other claim, the United States Court of Appeals for the Fourth Circuit, in <u>United States v. Killian</u>, 22 F. App'x. 300 (4th Cir. 2001), has instructed that when a district court grants a § 2255 motion due to counsel's failure to file a direct appeal despite petitioner's request, the court may not consider the merits of any of the remaining claims in the § 2255 motion, but must instead dismiss those claims without prejudice. Because the outcome of the evidentiary hearing may affect the court's adjudication of Perry's other claim, the court will not address the government's argument concerning Perry's other claim at this time.

## III.

For the reasons stated herein, the court takes the government's motion to dismiss under advisement and refers the matter to United States Magistrate Judge Robert S. Ballou for an evidentiary hearing on the issue of whether Perry asked his trial counsel to file a direct appeal. The Magistrate Judge shall submit a report with a recommended disposition of this case.

**ENTER**: This 6th day of August, 2013.

United States District Judge